UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PABLO FIGUEROA AND CLAUDIA FIGUEROA, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL CAUSE NO. 1:18-CV-00118 |
| GHP ASSET COMPANY, LLC, AND SELIM TAHERZADEH, SUBSITUTE TRUSTEE, | § § § § § | |
| *Defendants*. | § § § § | |

### DEFENDANT GHP ASSET COMPANY, LLC'S NOTICE OF REMOVAL

Defendant, GHP Asset Company, LLC ("GHP") files its Notice of Removal of this action from the 357th Judicial District Court, Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division, the District and Division encompassing the place where the state court is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support hereof, GHP shows this Court as follows:

1.   Plaintiffs Pablo Figueroa and Claudia Figueroa ("Plaintiffs" or "Figueroa") commenced an action in the 357th Judicial District Court, Cameron County, Texas by filing their Original Petition and Application for Temporary Injunction, Permanent Injunction, Declaratory Judgment and Damages ("Petition"), entitled "*Pablo Figueroa and Claudia Figueroa vs. GHP Asset Company, LLC and Selim Taherzadeh, Substitute Trustee*" and pending as Cause No. 2018-DCL-03620 (the "State Court Action").

2.     Removal is timely because thirty (30) days have not elapsed since any defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date). Plaintiffs filed their petition on June 19, 2018 and Defendant was served a copy of the Petition on June 20, 2018.

3.     This Notice of Removal will be filed in the County 357th Judicial District Court, Cameron County, Texas and a copy of this Notice of Removal will also be served on Plaintiffs. Defendant GHP is, contemporaneously with the filing of this Notice, giving notice of filing of this Notice of Removal with the clerk of 357th Judicial District Court, Cameron County, Texas.

4.     All processes, pleadings, orders signed by the state judge, a copy of the state docket sheet, a complete list of all counsel of record, together with an index of such documents are attached hereto as Exhibits 1-4.

5.     GHP has filed contemporaneously with this Notice a civil cover sheet.

6.     All Defendants, including Selim Taherzadeh, consent to removal of this action

### GROUNDS FOR REMOVAL—DIVERSITY JURISDICTION

7.     This Court has original jurisdiction over this case pursuant to 28 U.S.C. §§ 1441(b) and 1446 in that it arises under the laws of the United States. The Court may exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367.

8.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because, currently and at the time the State Court Action was filed, Plaintiff is a Texas resident while GHP is a Limited Liability Company with its principal place of business and main office in Florida. *Id*. § 1332(c)(1). Selim Taherzadeh is solely named as trustee and no allegations are against him.

9. This removal is timely because the State Court Action was filed on June 19, 2018 and served a copy of the Petition on June 20, 2018.

10. Additionally, and as stated earlier, GHP is a diverse party as it is an incorporated business in the state of Florida. Selim Taherzadeh, although a resident of Texas, was named as a substitute trustee and is improperly joined as there are no allegations against him. For diversity jurisdiction, the remaining issue is the amount in controversy.

11. A federal court ordinarily determines the amount in controversy by looking at the amount claimed in the state court petition. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *See Farkas v. GMAC Mortg., LLC*, 737 F.3d 338 (5th Cir. 2013); se*e also Statin v. Deutsche Bank Nat'l Trust Co.*, 599 Fed. Appx. 545 (5th Cir. 2013)("The value of the property is the relevant consideration for determining amount in controversy for these common foreclosure cases seeking injunctive relief."). In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy. *Id.*

12. In this case, the original principal amount of the loan is $23,296.00 (*See* Petition at pg. 3, ¶ 4.03). However, the 2018 appraised value of the property securing the loan according to Cameron County Appraisal District is $274,102.00.

13. Plaintiff's Original Petition erroneously attempts to defeat diversity jurisdiction by naming a Texas resident as a Defendant, namely the Substitute Trustee Selim H. Taherzadeh.

14. Under the improper joinder doctrine, federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined non-diverse and/or in-state

defendant. *See, e.g., Smallwood v. Ill. Cent. R.R.,* 385 F.3d 568 (5th Cir.2004) (en banc), *cert. denied,* 544 U.S. 992 (2005). "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state [or non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or non-diverse] defendant." *Id.* at 573.

15. Furthermore, Plaintiff cannot establish a cause of action against the non-diverse party. *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *see also Campbell v. Stone Ins., Inc.*, 509 F. 3d 665, 669 (5th Cir. 2007) (observing that the standard for evaluating a claim of improper joinder is similar to that used for motions to dismiss but broader because the pleadings may be pierced).

16. Plaintiffs have not pled a claim for which relief can be granted against the Substitute Trustee, Selim Taherzadeh. (See Texas Property Code Section 51.007 stating that the trustee is not a necessary party because the trustee was named as a party solely in the capacity as a trustee under the deed of trust).

17. On July 6, 2018, Substitute Trustee Selim H. Taherzadeh filed his Answer and Verified Denial to Plaintiffs' Original Petition. As of the date of filing this Notice of Removal, no response has been filed by Plaintiffs.

## VENUE

18. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Texas County Courts of Hidalgo County, Texas, the forum in which the removed State Court Action is pending.

**PROCEDURAL REQUIREMENTS**

19. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached:

- Exhibit 1—Index of matters being filed.
- Exhibit 2—All Documents filed in the State Court Action:
    - Plaintiff's Original Petition and Application for Temporary Injunction, Permanent Injunction, Declaratory Judgment and Damages;
    - Defendant GHP's Original Answer;
    - Defendant Selim Taherzadeh's Original Answer and Verified Denial.
- Exhibit 3—State Court Docket sheet from "*Pablo Figueroa and Claudia Figueroa vs. GHP Asset Company, LLC and Selim Taherzadeh, Substitute Trustee*" and pending as Cause No. 2018-DCL-03620 in the 357th Judicial District Court, Cameron County, Texas.
- Exhibit 4—List of all counsel of record, including telephone numbers, addresses, and parties represented.

20. Pursuant to 28 U.S.C. § 1446(a), GHP is serving this notice of removal on Plaintiff and filing a copy of this Notice with the 357th Judicial District Court, Cameron County, Texas.

**PRAYER FOR RELIEF**

Defendant GHP prays that the above-described action now pending in the 357th Judicial District Court, Cameron County, Texas, be removed to this Court.

Date: July 19, 2018

Respectfully submitted,

BY: */s/ Selim H. Taherzadeh*

**TAHERZADEH, PLLC**

Selim H. Taherzadeh
st@taherzlaw.com
Texas Bar No. 24046944
5011 Spring Valley Rd., Suite 1020W
Dallas, Texas 75244
Tel. (469) 729-6800
Fax. (469) 828-2772
**ATTORNEYS FOR DEFENDANT GHP ASSET COMPANY, LLC**

## CERTIFICATE OF SERVICE

I certify that on July 19, 2018 this document was served upon the following via e-mail:

Dennis Sanchez
Sanchez Whittington & Wood
3505 Boca Chica Blvd., Ste. 100
Brownsville, TX 78521
dsanchez@southtexaslegal.com
956-546-3731
**ATTORNEY FOR PLAINTIFFS**


*/s/ Selim Taherzadeh*
Selim Taherzadeh